1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

JAMES PABLO PATTERSON,

12

Plaintiff,

13

vs.

14

WARDEN AND HOUSING SUPERVISOR,

15

Defendants.

Case No. 1:12-cv-01948 JLT  (PC)

**ORDER DENYING MOTION TO APPOINT COUNSEL**

(Doc. 5)

16

17

18

19

20

21

22

23

24

25

26

27

28

On November 30, 2012, plaintiff filed a motion seeking the appointment of counsel. (Doc. 5).  Plaintiff alleges he was in special education classes in school and has trouble reading and writing.  (Doc. 5 at 2)  Plaintiff reports that he would have to use the services of a jailhouse lawyer, but is unable to afford the fee charged.  Id.  He reports also that he has attempted to obtain the services of a lawyer but to no avail.  Id. at 2-3.

Despite these representations, attached to his complaint are numerous documents demonstrating that Plaintiff does have the capability of articulating his claims in writing.  (Doc. 1 at 14-20, 26-28, 34)  Moreover, despite his claims that he has trouble reading, the documents demonstrate that he has basic skills and repeatedly submitted written documents in various grievances in the prison.  Id.  Moreover, though Plaintiff was in special education classes in school, he completed the 12th grade, though was required to repeat it.  Id. at 29.  Finally, when

presenting his grievance to the prison, officials there determined that, "Your reading level is above 4.0 (6.2) and you will not require special accommodation to achieve effective communication." Doc. 1 at 24. Also, when he was charged with a rules violation related to the events which give rise to this lawsuit, prison officials documented,

> Effective communication was established with inmate PATTERSON, at the beginning of the hearing by his reading aloud the first two sentences of the charges which were documented in the circumstances section of the RVR, then verbalizing to this SHO what he read and the fact that he understood the charges as written. At the end of the hearing, PA TTERSON stated he understood the findings reached and did not have any questions, Inmate PATTERSON explained to this SHO his understanding of the charges/ process / options / and instructions to this SHO's satisfaction.

> STAFF ASSISTANT ASSIGNMENT: Inmate PATTERSON's TABE score is above 4.0; he does speak English, is literate, the issues are not complex, and a confidential relationship is not required. Assistance is not necessary to ensure the inmate comprehends the nature of the charges or the disciplinary process.

Id. at 36. Finally, the fact that Plaintiff feels he is not prepared to present his case is not unusual with litigants, including those who are not in prison.

In any event, Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Based upon the analysis set forth above, the Court does not find the required exceptional circumstances exist in this case. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in

the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 7, 2012**                    **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE