UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN AND HOUSING SUPERVISOR,<br><br>    Defendants. | Case No.: 1:12-cv-01948 JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff James Pablo Patterson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 3). Plaintiff filed his complaint on November 30, 2012. (Doc. 1). Plaintiff names as defendants in this matter, the individuals who were the Kern Valley State Prison ("KVSP") Warden and Housing Supervisor on July 16, 2009 (collectively "Defendants").[1] Id. at 1.

As required, the Court now screens Plaintiff's complaint. For the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend.

///

///

---

[1] Plaintiff also indicates that he "possibly [joins] the escorts (2) officers [employed by] Kern Valley Prison" on July 16, 2009 as defendants. (Doc. 1 at 3). However, these officers are not mentioned anywhere else in Plaintiff's complaint. Therefore, it is presumed that Plaintiff joins only the Warden and Housing Supervisor as defendants to this action.

1

I.  **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

II. **PLEADING STANDARDS**

   A. Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.) Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

**B.     42 U.S.C. § 1983**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.    PLAINTIFF'S COMPLAINT**

At all times relevant to the complaint, Plaintiff, a self-identified "Northern Hispanic" gang member, was incarcerated at Corcoran State Prison ("Corcoran") and at KVSP. (Doc. 1 at 4, 6). Plaintiff states his complaint as follows:

On July 16, 2009, a prison lockdown occurred at KVSP due to a riot caused by a conflict between "Southern Hispanic" and "Northern Hispanics" gang members. Id. at 3, 6. A "Southern Hispanic" inmate died in the riot. Id. at 3, 6. As a result, "Southern Hispanic" inmates were placed on alert to "hit" or retaliate against any "Northern Hispanic" inmate they met. Id. at 6.

Also on July 16, 2009, prison officials placed a "Southern Hispanic" inmate in Plaintiff's cell in "error." Id. Shortly thereafter, a fight occurred between Plaintiff and his cellmate in which Plaintiff sustained injuries to his face and back. Id. at 3, 6. Prison officials placed Plaintiff in disciplinary housing for his involvement in the altercation. Id. at 7.

On July 21, 2009, Plaintiff began submitting administrative grievances concerning his placement in disciplinary housing and asserts that officers improperly handled his grievance paperwork. Id. at 7-8. He claims the administrative grievance procedure caused him emotional duress. Id. As a result, prison officials moved Plaintiff to the Kern Valley Crisis Unit where he was placed on suicide watch in December of 2009. Id. at 7.

Sometime after December of 2009, Plaintiff was transferred from KSVP to Corcoran. *See* Id. at 9. At Corcoran, Plaintiff was held in the segregated housing unit. Id. at 8. While Plaintiff believes

that he should have been removed from segregation in January of 2011, Plaintiff remained in segregated housing for security reasons. Id. at 8-9. Between May and August of 2011, an officer at Corcoran approached Plaintiff's cell and informed Plaintiff that Plaintiff was creating problems for himself by pursuing his administrative grievances.[2] Id. at 9.

Subsequently, between October 2011, and November 28, 2011, Plaintiff left Corcoran to attend court and then remained at Folsom State Prison for two weeks. Id. Upon his return to Corcoran, Plaintiff discovered that an unknown individual had removed Plaintiff's legal documents and other personal items from his cell. Id. at 9-10.

It appears that on January 4, 2012, Plaintiff was transferred out of the segregated housing unit. Id. In July of 2012, Plaintiff was released to a yard prior to his transfer back to KVSP. Id. at 10.

## IV. DISCUSSION

### A. 42 U.S.C. § 1983 claims against employees in their official capacity violate the Eleventh Amendment.

Plaintiff has brought suit against Defendants in their official capacities.[3] (Doc. 1 at 4-5). However, naming an employee in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. Thus, the complaint is **DISMISSED** as to any defendant named in his or her official capacity under 42 U.S.C. § 1983 for failure to state a cognizable claim.

///
///
///

---

[2] It is unclear as to which administrative grievance Plaintiff is specifically referring.
[3] Plaintiff does not expressly state that Defendant Warden is sued in his "official capacity." *See* (Doc. 1). However, it is presumed from the language "[Defendant Warden] is legally responsible for the operation" of KVSP, (Doc. 1 at 4-5), that Plaintiff intended to join Defendant Warden, at a minimum, in his official capacity.


**B. Plaintiff cannot maintain a 42 U.S.C. § 1983 action on the theory of *respondeat superior*.**

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

Plaintiff avers that Defendants are a responsible for Plaintiff's injuries sustained during an altercation with his "Southern Hispanic" cellmate. (Doc. 12 at 6). According to Plaintiff, the Defendant Warden was responsible for the altercation because he was not assuring that "ranks below him are doing [their] job." Id. This is exactly the type of liability assertion that 42 U.S.C. § 1983 prohibits. Plaintiff does not provide any facts to demonstrate that the Warden personally participated in, directed, or knew of Plaintiff's particular housing assignment.

Similarly, Plaintiff alleges that the Defendant Housing Supervisor oversaw inmates' cell placement at KSVP based on compatibility factors, such as an inmates' adversaries. Id. at 5. Accordingly, the Defendant Housing Supervisor's lack of attention to these factors caused Plaintiff's injuries. Id. at 5-6. Plaintiff, however, does not indicate that the Defendant Housing Supervisor personally assigned Plaintiff to his cell or that he or she knew of Plaintiff's cell assignment. *See* (Doc. 1). Therefore, the complaint is **DISMISSED** to the extent Plaintiff asserts a cause of action against Defendants on the theory of *respondeat superior*.

///

**C. Plaintiff does not demonstrate that Defendants personally knew of and disregarded an excessive risk to Plaintiff's safety.**

Plaintiff alleges that Defendants' omissions caused the altercation with his cellmate. *See* (Doc. 1 at 6). Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Id. at 837. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id.

On July 16, 2009, Plaintiff alleges prison officials, specifically, "prison facility officers," were aware of his gang affiliation and that of the inmate who was placed in his cell. (Doc. 1 at 6) However, Plaintiff fails to allege any facts that Defendants had a sufficiently culpable state of mind. Plaintiff concludes that Defendants knew of the conflict between the "Northern Hispanic" and "Southern Hispanic" gang members at KVSP, but he provides no facts to support this conclusion. (Doc. 1 at 5-6). Likewise, Plaintiff has failed to provide factual support for the conclusion that this improper housing occurred due to the Housing Supervisor. Indeed, he fails to provide any facts to demonstrate how the Housing Supervisor was at fault, that the Defendant personally knew where Plaintiff was placed and with whom he was placed. In fact, Plaintiff alleges no personal involvement on the part of either Defendant. Thus, Plaintiff fails to state a cognizable claim of failure to protect in violation of the Eighth Amendment. Therefore, the complaint is **DISMISSED** with leave to amend.

**D.    Plaintiff has not shown any prejudice suffered in any pending or existing litigation.**

Under the First Amendment, prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions,

and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). In either scenario, a plaintiff must allege "actual injury." See Lewis, 518 U.S. at 351-53. "Actual injury" exists where a Plaintiff establishes that actual prejudice was sustained with regard to pending or existing litigation. Lewis, 518 U.S. at 348.

Here, Plaintiff's claim that unknown individuals at Corcoran – not Defendants - took his legal documents implicates the First Amendment right of access to the courts. (Doc. at 9-10). However, Plaintiff has not named any Corcoran prison staff member as a defendant to this action. In addition, Plaintiff does not allege that he sustained prejudice with regard to any pending or existing litigation. Thus, Plaintiff fails to state a cognizable First Amendment claim of denial of access to the courts. Therefore, Plaintiff's complaint is **DISMISSED** and Plaintiff is **GRANTED** leave to amend.

E.   **Plaintiff did not engage in any underlying conduct protected by the First Amendment that would support a claim of retaliation.**

Plaintiff complains that he was the victim of retaliation for exercising conduct protected by the First Amendment. (Doc. 1 at 5).

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable First Amendment retaliation claim entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting Rhodes, 408 F.3d at 567-68).

Plaintiff asserts that while housed in the SHU at Corcoran, officers approached his cell and told him that "there was nothing to challenge" in relation to grievances Plaintiff had filed seeking to be reclassified and released from the SHU. Doc. at 9. Though Plaintiff claims he felt "harassed," he does not provide any facts to support his conclusion these officers acted unlawfully. Likewise, though Plaintiff asserts that prison officials "trashed" administrative grievances that are filed by inmates (Doc.

1 at 8), he fails to tie any of this conduct to the named defendants or to demonstrate how these actions caused him harm.

To the extent that Plaintiff alleges that prison officials ignored his inmate grievances, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). When a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010). Thus, Plaintiff fails to state a cognizable retaliation claim under the First Amendment. Therefore, the complaint is **DISMISSED** with leave to amend.

## V.   LEAVE TO AMEND

The Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action**.

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

## ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The complaint (Doc. 1) is **DISMISSED for failure to state a cognizable claim;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order to file a first amended complaint that addresses the deficiencies set forth in this order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Plaintiff need not attach exhibits to his complaint but, if he chooses to do so, the complaint and the exhibits SHALL NOT exceed 20 pages;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **April 19, 2013**                    /s/ Jennifer L. Thurston
                                                                            UNITED STATES MAGISTRATE JUDGE