UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATTERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-001948 – JLT (PC)<br><br>ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 14) |

Plaintiff James Patterson ("Plaintiff") is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. At required by 28 U.S.C. § 1915, the Court screens Plaintiff's first amended complaint. Having read and considered the first amended complaint, and for the reasons set forth below, the Court **ORDERS** that the first amended complaint be **DISMISSED.**

**I.    SCREENING REQUIREMENT**

Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

I.  PLEADING STANDARDS

    A.  Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

    B.  42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act,

or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## II. FACTUAL ALLEGATIONS

At all times relevant to this cause of action, Plaintiff was housed at the Kern Valley State Prison ("KVSP") in Delano, California. (Doc. 14 at 2). Plaintiff brings the present suit against the following defendants: (1) Warden Lawless, (2) Lieutenant ("Lt.") Jeffreys, (3) Sergeant ("Sgt.") Finegan, (4) Officer Corona, (5) Officer Borbon, (6) Officer Delgadillo, and (7) Officer Fernandez. Id. at 3. Plaintiff's complaint is summarized as follows:

On July 16, 2009, Officers Corona and Borbon escorted Inmate Robles, a "Southern Hispanic" or "Sureño" gang member to Plaintiff's cell. (Doc. 14 at 4). Plaintiff identifies as a "Northern Hispanic" or "Norteño" gang member. Id. at 4. Upon his entrance into the cell, Inmate Robles and Plaintiff briefly exchanged pleasantries. Id. Once the cell door closed, however, Inmate Robles asked Plaintiff whether he was a "Northern Mexican" or "Norteño." Id. Plaintiff responded in the affirmative. Id.

Subsequently, Inmate Robles punched Plaintiff in the eye, causing Plaintiff to fall back and hit his head on a desk. (Doc. 14 at 4). Plaintiff landed between the desk chair and bed frames. Id. Inmate Robles continued to assault Plaintiff until he was able ward off his attacker. Id. Upon hearing Plaintiff's cry of "man down," prison personnel arrived and diffused the situation. Id. at 5.

Officer Fernandez then escorted Plaintiff to the Program office and asked why Plaintiff had not killed Inmate Robles. (Doc. 14 at 5). Sgt. Robles later admitted that prison personnel "messed up by celling" Plaintiff with Inmate Robles. Id.

## I. DISCUSSION AND ANALYSIS

### A. Eighth Amendment –Failure to Protect[1]

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from

---

[1] Plaintiff alleges that due to "retaliation" he lost his documentation pertaining to a written claim made to the Victim Compensation and Government Claims Board of the State of California. (Doc. 14 at 3-4). However, Plaintiff does not provide any further facts to indicate that prison personnel retaliated against him in violation of the First Amendment. Therefore, Plaintiff's claim of relation is **DISMISSED.**

violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

Courts have recognized that the placement of a Norteño inmate in the same cell as a Sureño inmate may constitute an objectively serious risk. *See e.g.*, Sanchez v. Andruss, C 10-3213 MMC, 2013 WL 3152395, at ** 3-4 (N.D. Cal. June 19, 2013). Furthermore, PVSP was on lock down on July 16, 2009, due to a yard riot that occurred between Sureño and Norteño inmates. Plaintiff has thus demonstrated a sufficiently serious risk to his safety.

On the other hand, Plaintiff fails to indicate that any of the named Defendants knew of Plaintiff's or Inmate Robles' gang affiliation. The Court cannot presume that any of the Defendants knew of and disregarded the risk of placing Inmate Robles with the Plaintiff. Instead, Plaiuntiff must allege facts which support a conclusion they were aware of the conflicting affiliations but placed Plaintiff in danger nonetheless.

### 1. Officers Corona and Borbon

Plaintiff blames Officers Corona and Borbon for escorting Inmate Robles to Plaintiff's cell without providing any further facts regarding their involvement in the matter. (Doc. 14 at 4). There is no indication that these officers were aware of either Inmate Robles or Plaintiff's gang affiliation. Thus, the Court cannot infer that Officers Corona and Borbon knew of and disregarded an excessive risk to the Plaintiff.

### 2. Officer Fernandez and Sgt. Finegan

Officer Fernandez and Sgt. Finegan met with Plaintiff following the altercation. Officer Finegan's statement "why didn't you kill him, [h]e's a Southerner," is insufficient to demonstrate that

4

Officer Finegan was aware that the two inmates of conflicting gang affiliations were placed in the same cell *prior* to the altercation. (Doc. 14 at 5). Sgt. Finegan's admission of "we messed up" also fails to demonstrate that that he was aware of Inmate Robles' gang affiliation *prior* to the fight.

### 3. Officer Delgadillo

Plaintiff avers that Officer Delgadillo was on duty at the time the altercation occurred. (Doc. 14 at 3). No further facts are proffered regarding this Officer. As such, Plaintiff fails to demonstrate that Officer Delgadillo acted with deliberate indifference or played any role whatsoever in this matter.

### 4. Conclusion

Plaintiff fails to demonstrate that Officer Corona, Officer Borbon, Officer Fernandez, Sgt. Finegan, and Officer Delgadillo acted with deliberate indifference. However, the comments of Officer Fernandez and Sgt. Finegan lead the Court to presume that some prison personnel might have been aware of the dangers associated with placing Surenos with Nortenos in the same cell. Thus, Plaintiff will be afforded **a final** opportunity to demonstrate which of these defendants – if any – were cognizant of Plaintiff's gang affiliation and knowingly assigned Inmate Robles to Plaintiff's cell. Therefore, the claim is **DISMISSED.**

## B. Supervisory Liability

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

Plaintiff asserts supervisory liability should be imposed on Warden Lawless, Lt. Jeffreys, and Lt. Finegan for their failure to properly supervise their subordinates and ensure Plaintiff's safety. (Doc. 14 at 7). Nothing in the complaint show that these Defendants personally knew of any constitutional violations and failed to prevent them. Taylor, 880 F.2d at 1045. Therefore, Plaintiff's claim of supervisory liability is **DISMISSED.**

### C. Conspiracy

In the context of conspiracy claims brought pursuant to section 1983, a plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). To state such a claim, a plaintiff must show (1) a meeting of the defendants' minds to violate the plaintiff's constitutional rights, and (2) an actual deprivation of the plaintiff's constitutional rights." Fearence v. Schulteis, Case No. 1:08-CV-00615-LJO, 2013 WL 1314038 * 3 (E.D. Cal. 2013). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974). Each defendant is not required to know the exact details of the course of action, "but each participant must at least share the common objective of the conspiracy." Fearance, 2013 WL at 3 (internal citations and quotations omitted).

Plaintiff alleges that Defendants conspired to place Inmate Robles in his cell and conspired to cover-up the "staged cell fight" by improperly handling his inmate grievance. (Doc. 14 at 6-7). However, Plaintiff fails to allege any facts to support that such a conspiracy existed. The mere fact that this incident occurred, as explained in the paragraph above, is insufficient to demonstrate the defendants conspired to cause the harm.

To the extent Plaintiff alleges that Defendants ignored his inmate grievances, he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2,

2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights).

Thus, Plaintiff fails to demonstrate any constitutional deprivation underlying his conspiracy claim. Therefore, the claim is **DISMISSED.**

### D. California Claims of Negligence

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). In pleading a state tort claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004). Failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id.

Plaintiff alleges that he filed a claim with the CTCA "approx[imately] within the year 2010…[and] due to retaliation...Plaintiff does not have this [] information." (Doc. 14 at 3-4). This generalized statement is insufficient to demonstrate that he complied with the CTCA's presentation requirement. In his second amended complaint, Plaintiff must demonstrate that he timely filed his complaint with the VCGCB. To do this, Plaintiff must allege the approximate date he submitted a claim and whether the claim was rejected and, if so, when this occurred. He need not attach documentation at this time. Therefore, Plaintiff's claim of negligence is **DISMISSED.[2]**

---

[2] As the Court finds that Plaintiff does not adequately indicate that he complied with the CTCA, the Court need not address Plaintiff's negligence claim. Nonetheless, Plaintiff is advised that to set forth a cognizable claim for negligence under California law, Plaintiff must demonstrate that Defendants had: "(a) a *legal duty* to use due care; (b) a *breach* of such legal duty; [and] (c) the breach as the *proximate or legal cause* of the resulting injury." Truong v. Nguyen, 156 Cal. App. 4th 865, 875 (6th Dist. 2007) (emphasis in original).

## V.     LEAVE TO AMEND

The Court will provide Plaintiff a **FINAL** opportunity to amend his pleading to cure the deficiencies noted in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his second amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his second amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the second amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted). **Plaintiff's second amended complaint SHALL NOT exceed 20 pages.**

## ORDER

Accordingly, and for the above state reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's first amended complaint is (Doc. 14) is **DISMISSED**;
2. Plaintiff is **GRANTED** 21 days from the date of service of this Order to file second amended complaint that addresses the deficiencies set forth in this Order. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." **Plaintiff's Second Amended Complaint SHALL NOT exceed 20 pages**;
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

///

///

8

4. **<u>Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.</u>**

IT IS SO ORDERED.

Dated: **July 22, 2013**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE