IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATTERSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WARDEN AND HOUSING SUPERVISOR,<br><br>　　　　Defendants. | Case No. 1:12-cv-01948 JLT  (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 18). |

On September 23, 2013, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 18). Plaintiff reports that he has been prescribed "psych medication which clouds his mind," and suffers from, among other things, schizophrenia. (Doc. 18 at 2). He further indicates that he has "self-identified as requiring (ADA) assistance reading…[and] writing." Id  For the reasons set forth below, Plaintiff's motion to appoint counsel is **DENIED**.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed, as alleged, that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. On the other hand, throughout this litigation, Plaintiff has been able to fully articulate the grounds for his lawsuit and to respond to deadlines in a timely fashion. Thus, it appears that if Plaintiff has the problems he describes, he has been able to nonetheless, obtain the assistance needed to pursue this litigation.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 27, 2013**         /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE