UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN, et al<br><br>        Defendants. | Case No. 1:12-cv-01948-JLT (PC)<br><br>**ORDER DIRECTING ACTION TO PROCEED ON EIGHTH AMENDMENT CLAIMS AGAINST DEFENDANTS C. LAWLESS, S. CORONA, R. BORBON, AND FINEGAN and DISMISSING ALL OTHER CLAIMS AND DEFENDANTS**<br><br>**(Doc. 19)** |

**I.    Background**

    Plaintiff James Pablo Patterson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 30, 2012. (ECF No. 1.) The Complaint was screened and dismissed with leave to amend. (ECF No. 11.) Plaintiff subsequently filed a first amended complaint which was also screened and dismissed with leave to amend. (ECF Nos. 14, 15.) Plaintiff's Second Amended Complaint is now before the Court for screening. (ECF No. 19.) Plaintiff has cured some of the previously identified defects so as to be allowed to proceed on his claims in the Second Amended Complaint under the Eighth Amendment against Defendants Warden C. Lawless, Officer S. Corona, Officer R. Borbon, and Sergeant Finegan. However, all of his other claims are not cognizable and are properly dismissed at this time, as are all other persons who have been named

as Defendants in this action.

### A. <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. <u>Summary of the Second Amended Complaint</u>

Plaintiff is currently housed at California State Prison, Corcoran, but complains of acts that occurred while he was an inmate at Kern Valley State Prison and names Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon as the Defendants in this action. Plaintiff seeks monetary and injunctive relief.

In the Second Amended Complaint, Plaintiff alleges that in July of 2009 he was housed on single-cell status in the D Facility of Kern Valley State Prison, due to a lack of compatible cell-mates because of his membership in the "Northern" gang. (ECF No. 19, 2nd AC, p. 7.) Plaintiff alleges that, prior to July 16, 2009, Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon knew that there had been a "30 to 40 year old 'war' and conflict between 'Northern' and 'Southern' Mexican gangs." (*Id*) Because of this, Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon "knew or should have known that if [a Northern and a Southern gang member were] housed together or staged in a cell or dorm together, violence would immediately break-out and a 'mele' would ensue." (*Id.*) On July 16, 2009, Plaintiff alleges that Defendants "illegally and unlawfully deliberately misclassified a 'Southern' Sereno gang member to be housed with the Plaintiff a 'Northern' so that they could stage a gladiator areana [sic] type fight between Plaintiff and a known '<u>enemy</u>.'" (*Id.*, emphasis in the original.) Plaintiff alleges that Warden C. Lawless gave orders to Sgt. Finegan, who directed

C.O.s S. Corona and R. Borbon to place the violent Southern inmate in the cell with Plaintiff – which they did. (*Id.*) Plaintiff alleges that he was immediately attacked by the Southern gang member, sustaining emotional distress and physical injuries to his face, back, and left hand. (*Id.*, at p. 8.)

Plaintiff lists the following claims that he intends to pursue under his factual allegations: (1) Failure to provide safety, deliberate indifference; (2) Supervisory Liability -- Substantive Due Process; (3) Assault/Battery -- Calif. Govt. Code §844.661; (4) Intentional Infliction of Emotional Distress -- Calif. Govt. Code §844.6(d); and (5) Negligence -- Calif. Govt. Code §844.5(d).

### C.    **Pleading Requirements**

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.  While "plaintiffs [now] face a higher burden of pleadings facts . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, courts are not required to indulge unwarranted inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### D. Claims for Relief

#### 1. Eighth Amendment – Safety

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).  This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392 (1981).  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*,

4

45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847, 114 S.Ct. 1970.

Further, the Supreme Court has stated that a remedy for unsafe conditions need not await a tragic event; rather, where a risk/injury has yet to occur, the plaintiff's burden would be to prove that his future health/safety is unreasonably endangered, "that it is contrary to current standards of decency for anyone to be so exposed against his will, and that prison officials are deliberately indifferent to his plight." *Helling*, 509 U.S. at 33-35.

Plaintiff alleges that: in July of 2009 he was housed on single-cell status in the D Facility of Kern Valley State Prison, due to a lack of compatible cell-mates because of his membership in the "Northern" gang (ECF No. 19, 2nd AC, p. 7); Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon knew that there had been a "30 to 40 year old 'war' and conflict between 'Northern' and 'Southern' Mexican gangs" (*id*); because of this, these four Defendants "knew or should have known that if [a Northern and a Southern gang member were] housed together or staged in a cell or dorm together, violence would immediately break-out and a 'mele' would ensue" (*id.*); on July 16, 2009, these four Defendants deliberately misclassified a "Southern" gang member to be housed with Plaintiff so as to cause a fight to ensue with the Southern gang member and Plaintiff; Defendant Warden C. Lawless gave these orders to Defendant Sgt. Finegan, who directed Defendants Officers S. Corona and R. Borbon to place the "Southern" gang member with Plaintiff – which they did (*id.*, at p. 8). An altercation immediately ensued. (*Id.*)

These allegations state cognizable claims for deliberate indifference to Plaintiff's safety against Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon.

**2. Supervisory Liability**

Plaintiff lists "Supervisory Liability" as a claim that he is attempting to state in this action. Supervisory personnel are generally not liable under section 1983 for the actions of their

employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985); a single incident supplies a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

As discussed above, Plaintiff's allegations state a cognizable claim for deliberate indifference under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon based on their personal participation in acts that allegedly caused a deprivation of rights. However, Plaintiff alleges no facts to show promulgation or implementation of a policy that was itself the moving force of constitutional violation.

Thus, Plaintiff fails to state a cognizable claim for supervisory liability against any of the named Defendants. All such claims are properly dismissed

### 3. Substantive Due Process

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted). To establish a substantive due process claim, Plaintiff "must, as a threshold matter, show a government deprivation of life, liberty, or property." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) (quoting *Nunez,* 147 F.3d at 871). "The Due Process Clause takes effect only if there is a *deprivation* of a protected interest." *Nunez*, 147 F.3d at 874 (emphasis in original).

Further, the Supreme Court has "always been reluctant to expand the concept of substantive due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 842-43 (1998) quoting *Collins v. Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068 (1992). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.*, quoting *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 813 (1994) (plurality opinion of REHNQUIST, C.J.) (quoting *Graham v. Connor*, supra, at 395, 109 S.Ct., at 1871) (internal quotation marks omitted).

Since Plaintiff's allegations clearly fit under the Eighth Amendment for deliberate indifference, his claims for deprivation of his rights to substantive due process clause are properly dismissed.

### 3. Claims Under California Law

Plaintiff also lists three claims under California Law: assault and battery; negligence; and intentional infliction of emotional distress. In the preceding screening order (ECF No. 15), Plaintiff was alerted that he may not maintain a tort action for damages against a public employee unless he has complied with the under the California Tort Claims Act ("CTCA") via presentation

of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. *See* Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff is required to allege facts demonstrating that he has complied with CTCA's presentation requirement to adequately plead a state tort claim. *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243-44 (2004), *see also Mangold*, 67 F.3d at 1477 (timely compliance required). Plaintiff was warned in the prior screening order (ECF No. 15) that failure to allege compliance constitutes a failure to state a cause of action which will result in the dismissal of his state law claims. *Id.*

To this end, Plaintiff alleges that he filed a claim July 7, 2010 which was processed on July 14, 2010 and assigned log number "G591026." (ECF No. 19, 2nd AC, p. 11.) Plaintiff alleges that he was unaware of this procedure until advised by another inmate in late May of 2010, which Plaintiff alleges he explained in his initial claim. (*Id.*) The governing board denied Plaintiff's request to present a late claim and "warned/advised" Plaintiff to petition for relief to file a late claim in "the appropriate court" within six months. (*Id.*) "Soon thereafter," Plaintiff filed a writ of habeas corpus in Kern County Superior Court which was "denied due to [Plaintiff's] exhausted remedy was not exactly complete." (*Id.*)

Plaintiff has not alleged facts to show that he timely complied with the CTCA. Plaintiff admits that his claim was untimely and that his petition for relief to file a late claim was denied, as was the action he filed in Kern County Superior Court. Thus, Plaintiff's claims under California law are properly dismissed since Plaintiff has failed to allege compliance with the CTCA.

**II.    CONCLUSION**

Plaintiff's Second Amended Complaint states cognizable claim for deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon.

Accordingly, it is HEREBY ORDERED that:

(1) This action shall proceed on Plaintiff's Second Amended Complaint, filed September 23, 2013 (ECF No. 19), only on Plaintiff's claims against Defendants Warden C.

Lawless, Sergeant Finegan, and Officers S. Corona and R. Borbon for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment;

(2) All other Defendants and claims are dismissed from this action with prejudice; and

(3) A separate order authorizing initiation of service of process will issue.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE