# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>    Defendants. | Case No. 1:12-cv-01948-LJO-JLT (PC)<br><br>ORDER STRIKING UNENUMERATED RULE 12(B) MOTION AND REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING<br><br>(Doc. 32)<br><br>30 DAY DEADLINE |

Plaintiff, Louis V. Rodriguez, ("Plaintiff") a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 30, 2012. This action is proceeding on Plaintiff's Second Amended Complaint against Defendants R. Borbon, Finegan, C. Lawless, and S. Corona ("Defendants") for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

On March 7, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff has not yet filed a response. Local Rule 230(*l*).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).

1  Following the decision in *Albino*, Defendants may raise exhaustion deficiencies as an affirmative
2  defense under §1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[1] or (2) a
3  motion for summary judgment under Rule 56 if it has been pled and preserved. *Albino*, 2014 WL
4  1317141, at *4. An unenumerated Rule 12(b) motion is no longer the proper procedural device
5  for raising the affirmative defense of exhaustion. *Id.*
6        Accordingly, in light of the decision in *Albino*, it is HEREBY ORDERED that:
7      1.    Defendants' unenumerated Rule 12(b) motion is stricken from the record;[2] and
8      2.    Defendants have **30 days** from the date of service of this order within which to file
9  a responsive pleading.

10
11  IT IS SO ORDERED.

12      Dated:   **April 9, 2014**                 **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." *Albino*, 2014 WL 1317141, at *1.

[2] District courts have broad discretion to control their own dockets, *M. M. v. Lafayette School Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012), and the Court elects to strike Defendants' unenumerated Rule 12(b) motion to dismiss in light of the decision in *Albino*. A stricken document is a nullity which is not considered by the Court for any reason (First Informational Order, ¶1 n. 1) and given that Plaintiff is a prisoner proceeding pro se, striking the motion and requiring Defendants to re-notice it under Rule 12(b)(6) or Rule 56, accompanied by the requisite notice, serves to clarify the record and place Plaintiff on "fair notice" regarding what is required of him in responding to the motion, *Woods v. Carey*, 684 F.3d 934, 938-40 (9th Cir. 2012).