1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN, et al.,<br><br>        Defendants. | Case No.  1:12-cv-01948-LJO-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY AND TO COMPEL DEFENDANTS TO PROVIDE ADMISSIONS, INTERROGATORIES AND PRODUCTION**<br><br>**(Doc. 41)** |

      Plaintiff, James Pablo Patterson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is proceeding on his claims in the Second Amended Complaint for deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Correctional Officers S. Corona and R. Borbon (Doc. 21).

      On March 7, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).   However, on April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir.

Apr. 3, 2014) (en banc).  Thus, on April 9, 2014, the Court struck Defendants' motion to dismiss and ordered them to file a responsive pleading.  (Doc. 39.)

On April 18, 2014, Plaintiff filed a "Motion to Compell [sic] Defendants to provide: Admission, Interrogatories and Production" (Doc. 41) seeking the opening of discovery to obtain documents for use in his opposition of Defendants' motion to dismiss (Doc. 32).  On the last page of his motion, Plaintiff indicates that he is unsure if he is still required to file an opposition and/or whether Defendants' motion to dismiss "will go through."  (Doc. 41, p. 22.)

As stated in the First Informational Order that issued on December 4, 2012, "[w]hen a document is stricken, it becomes a nullity and is not considered by the court for any purpose." (Doc. 6, p.2, n.1.)  Thus, since stricken, Defendants' motion to dismiss (Doc. 32) is a nullity, will not be ruled on, and Plaintiff need not file any opposition to it.

Defendants have been ordered to file a responsive pleading.  (Doc. 39.)  As also stated in the First Informational Order, discovery will be opened after Defendants appear in this case. (Doc. 6, ¶8.)  Thus, Plaintiff's request to open discovery and compel Defendants to respond is premature.

Accordingly, it is HEREBY ORDERED, that Plaintiff's "Motion to Compell [sic] Defendants to provide: Admission, Interrogatories and Production," filed April 18, 2014 (Doc. 41), is premature and is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **April 24, 2014**                    /s/ Jennifer L. Thurston
                                               UNITED STATES MAGISTRATE JUDGE