# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-01948-LJO-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS ARE NOT REQUIRED TO FILE A RESPONSIVE PLEADING**<br><br>**(Docs. 32, 39)**<br><br>**TEN (10) DAY DEADLINE** |

　　　Plaintiff, Louis V. Rodriguez, ("Plaintiff") a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 30, 2012. This action is proceeding on Plaintiff's Second Amended Complaint against Defendants R. Borbon, Finegan, C. Lawless, and S. Corona ("Defendants") for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.

　　　On March 7, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Subsequently, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in *Albino*, Defendants may raise exhaustion

1

deficiencies as an affirmative defense under §1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[1] or (2) a motion for summary judgment under Rule 56 if it has been pled and preserved. *Albino*, 2014 WL 1317141, at *4. An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the affirmative defense of exhaustion. *Id.*

Thus, on April 9, 2014, an order issued striking Defendants' unenumerated Rule 12(b) motion from the record and providing Defendants thirty days to file a responsive pleading. (Doc.39.) Instead of filing a responsive pleading, Defendants filed a motion for summary judgment. (Doc. 43.) However, "a motion or a response to one is not deemed a 'responsive pleading' for the purposes of the time limits set out in the Rules." *Educ. Servs., Inc. v. Maryland State Bd for Higher Educ.*, 710 F.2d 170, 176-77 (4th Cir. 1983) (citations omitted).

Accordingly, it is HEREBY ORDERED that within **10 days** from the date of service of this order, Defendants shall show cause in writing why they are not obligated to file a responsive pleading, or within this same time period, they shall file their responsive pleading (i.e., an answer) to the Second Amended Complaint in this action.

IT IS SO ORDERED.

Dated:   **May 19, 2014**                             **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." *Albino*, 2014 WL 1317141, at *1.