# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN, et al.,<br><br>        Defendants. | **Case No.  1:12-cv-01948-LJO-JLT (PC)**<br><br>**ORDER GRANTING STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Doc. 53)** |

Plaintiff, James Pablo Patterson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 30, 2012 (Doc. 1) and is proceeding on his claims in the Second Amended Complaint for deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Correctional Officers S. Corona and R. Borbon (Doc. 21).  On March 7, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies.  42 USC § 1997e(a); Fed. R. Civ. P. 12(b).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).  Thus,

1  on April 9, 2014, Defendants' motion to dismiss was stricken from the record.  (Doc. 39.)

2       Defendants then filed a motion for summary judgment raising their affirmative defense of
3  exhaustion under § 1997 (Doc. 43) and the Amended Second Informational Order issued on May
4  20, 2014 noting the requirements for Plaintiff to oppose Defendants' motion for summary
5  judgment (Doc. 44).  Subsequently, Defendants were ordered to and filed their responsive
6  pleading (Docs. 39, 45, 49) and the Discovery and Scheduling Order issued on June 6, 2014
7  (Doc. 51).  That same day, Plaintiff filed his opposition to Defendants ' motion for summary
8  judgment.  (Doc. 52.)

9       On July 1, 2014, Defendants filed a request for stay of discovery pending resolution of
10  their motion for summary judgment based on the affirmative defense of Plaintiff's failure to
11  exhaust available administrative remedies prior to filing suit as required by 42 USC § 1997e(a).
12  (Doc. 53.)  In their request, Defendants state that Plaintiff has propounded discovery that pertains
13  to the merits of this case, not to the issue of exhaustion.  (*Id.*)  Defendants argue that discovery
14  should be stayed until their motion is resolved as they provided all documents pertaining to the
15  issue of exhaustion with their motion for summary judgment.  (*Id.*)  It is of further note, that
16  having been notified of his requirements to oppose the motion for summary judgment, Plaintiff
17  filed an opposition rather than request postponement of consideration of Defendants' motion to
18  conduct further discovery on the exhaustion issue under Rule 56(d) of the Federal Rules of Civil
19  Procedure. (Doc.  52.)

20       Accordingly, it is HEREBY ORDERED, that Defendants' Request for Stay of Discovery
21  Pending Resolution of Motion for Summary Judgment for Failure to Exhaust, filed July 1, 2014
22  (Doc. 53), is GRANTED and all discovery is STAYED in this action.

23
24  IT IS SO ORDERED.

25     Dated:   **July 9, 2014**                                    /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE
26
27
28