# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>Defendants. | Case No.  1:12-cv-01948-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 43, 57)** |

Plaintiff, James Pablo Patterson, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 on his claims in the Second Amended Complaint for deliberate indifference to his safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Correctional Officers S. Corona and R. Borbon ("Defendants").  (*See* Docs. 19, 21, 22.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On May 9, 2014, Defendants filed a motion for summary judgment arguing that Plaintiff failed to administratively exhaust his claims against them as required by the Prison Litigation Reform Act ("PRLA"). (Doc. 43.)

On November 6, 2014, the Magistrate Judge issued a Findings and Recommendations to deny Defendants' motion.  (Doc. 57.)  This was served on both parties and contained notice that objections to the Findings and Recommendations were to be filed within thirty days.  (*Id.*) Defendants filed objections on December 8, 2014.  (Doc. 58.)

In their objections, Defendants argue that it is undisputed that Plaintiff did not actually exhaust administrative remedies concerning the incident at issue in this action and that there is a disputed factual question that is not readily ascertainable and rests on a credibility determination such that an evidentiary hearing should be held. (*Id.*)

However, as correctly stated in the Findings and Recommendations, Plaintiff submitted evidence to show that he filed the July 21, 2009 inmate appeal ("IA") regarding being attacked when wrongly assigned to a cell with a known gang enemy which was never responded to and that he did not know what to do when prison staff did not respond to an IA until September of 2010. (Doc. 57, F&R, 7:6-8:2.) As also correctly cited in the Findings and Recommendations, "a remedy becomes unavailable if prison employees do not respond to a properly filed grievance . . . ." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (internal quotations and citations omitted) cited with approval in *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010).

Defendants submitted evidence which showed that, before 2011, IAs submitted at the informal level and those that were rejected were not given a log number or formally tracked; nor were copies of the appeals or rejection forms kept and that they were only able to access "*some* information concerning rejected appeals from [their] computer system." (Doc. 57, 8:25-9:5, citing Doc. 43-3, p. 3 (emphasis added in F&R).) Defendants also failed to submit any information to show that Plaintiff was provided with information regarding procedures to be followed in 2009 if he did not receive a response to an IA. (*See Id.*, at 9:8-11, citing *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005).)

Thus, the Findings and Recommendations correctly found that Defendants did not meet their burden as the moving party since their evidence did not definitively show that Plaintiff did not submit an IA on July 21, 2009 that had been lost, mishandled, or otherwise misplaced by prison staff and/or that there were procedures in place that had been given to Plaintiff as to what he should do if he did not receive a response to an IA he filed in 2009 that Plaintiff failed to follow. There is no credibility determination to be made on issues where Defendants failed to submit evidence. An evidentiary hearing is thus not necessary.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this

case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. the Findings and Recommendations, filed on November 6, 2014 (Doc. 57), is adopted in full;
2. Defendants' motion for summary judgment, filed on May 9, 2014 (Doc. 43), is DENIED;
3. Defendants' request for an evidentiary hearing as contained in their objections which were filed on December 8, 2014 (Doc. 58), is DENIED; and
4. the case is referred back to the Magistrate Judge for discovery and scheduling purposes.

IT IS SO ORDERED.

Dated: **December 31, 2014**        /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE