# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON, | Case No.  1:12-cv-01948-LJO-JLT (PC) |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTIONS FOR ISSUANCE OF SUBPOENA DUCES TECUM** |
| v. | |
| WARDEN, et al., | **(Docs. 62, 63)** |
| Defendants. | **60-DAY DEADLINE** |
| | **ORDER DIRECTING CLERK OF COURT TO FORWARD COPIES OF THIS ORDER TO INMATE ROBLES (CDCR #G28561)** |

**I. Background**

In this action, James Pablo Patterson is proceeding on his claims in the Second Amended Complaint for deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Correctional Officers S. Corona and R. Borbon (Doc. 21).

Before the Court is Plaintiff's motion for issuance of subpoena duces tecum (Doc. 62) and a proposed SDT (Doc. 63).  Defendants filed an opposition (Doc. 64) to which Plaintiff did not reply.  The motion is deemed submitted.  L.R. 230(l).

**II. Plaintiff's Motion**

In his motion, Plaintiff requests the Court to issue an SDT to non-party, Mr. Robles (IM

1

#G28561), who was involved in the incident with Plaintiff on July 16, 2009 upon which this case is premised.  He requests that Robles "produce/provide" a declaration regarding "<u>before</u> and <u>after</u> the fact of incident" including any information he has by way of names and addresses of witnesses, declarations, and any other "discovering evidence he may have used in his deposition pretrial" in May of 2013 in Hanford Superior Court.  (Doc. 62, p. 1 (emphasis in original).)  Plaintiff requests that if Mr. Robles does not have any of these documents, that he be required to provide a signed declaration giving Plaintiff "access to court records of information he used in his civil suit or such other records where that information may be."  (*Id.*)  Plaintiff asserts that under "Rule 56(f) the judge has power to issue any order to let Plaintiff communicate with other inmates in other prisons if there is relevance to support Plaintiff's claims."  (*Id.*)

Defendants' opposition appears offered more as a point of clarification than an opposition.  (Doc. 64.)  In their opposition Defendants do not state any objections or arguments against issuance of the SDT that Plaintiff requests; rather they state that Plaintiff is requesting a court order to obtain records from an unrepresented inmate and indicate that they cannot respond to Plaintiff's request for information from Mr. Robles.  (*Id.*)

### III.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 45 permits issuance of subpoenas for discovery from nonparties equivalent to discovery from parties under Rule 34.  *See* Adv. Comm. Note to 1991 Amendment to FRCP 45.  Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Fed. R. Civ. P. 26(b).  *Meeks v. Parsons*, 2009 WL 3003718, *2 (E.D. Cal. 2009) (citing *Fahey v. United States,* 18 F.R.D. 231, 233 (S.D.N.Y. 1955).  Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

1  Accordingly, under Rule 34, the test for admissibility is the relevance of the requested material or
2  information.  *Id.*, (citing *Weahkee v. Norton*, 621 F.2d 1080, 1082 (10th Cir.1980); *White v.*
3  *Jaegerman*, 51 F.R.D. 161, 162 (S.D.N.Y.1970); *Ceramic Corp. of Amer. v. Inka Maritime Corp.,*
4  *Inc.*, 163 F.R.D. 584 (C.D.Cal.1995)).

5  "The law [of discovery] begins with the presumption that the public is entitled to every
6  person's evidence." *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389
7  (N.D.Cal.1976).  A nonparty may be compelled to produce documents and tangible things as
8  provided in Rule 45.  Fed. R. Civ. P. 34(c).  Assuming that the subpoena is properly constituted
9  and served, Rule 45 requires the subpoena's recipient to produce the requested information and
10 materials, provided the issuing party "take[s] reasonable steps to avoid imposing undue burden or
11 expense."  Fed. R. Civ. P. 45(c)(1) and (d)(1).

12 **IV.   DISCUSSION**

13 Plaintiff has the right to subpoena documents from a third party that are relevant to the
14 claims upon which he is proceeding in this action.  The documents Plaintiff seeks from Mr.
15 Robles pertain to the altercation between them that this action is premised on and are, therefore,
16 relevant.  A subpoena may issue for Plaintiff to obtain all documents in Mr. Robles possession,
17 custody, or control relating to the altercation between Plaintiff and Mr. Robles on July 16, 2009.

18 However, a subpoena cannot be used to cause a third party to develop documents or to
19 respond to inquiries as can be required of a party.[1]  Thus, Plaintiff may not use a subpoena to
20 obtain a declaration from Mr. Robles or to require him to provide a signed release giving Plaintiff
21 access to court records that Mr. Robles used in his suit in Hanford Superior Court.  To the extent
22 that Plaintiff seeks a subpoena to order Mr. Robles to create documents responsive to Plaintiff's
23 inquiry, it is **DENIED.**

24 On a different note, the costs of copying the responsive documents, if Robles has them,
25 must be borne by the party issuing the subpoena, not by the party to whom the subpoena is issued.

---

[1] Plaintiff errantly cites to Federal Rule of Civil Procedure 56(f) to argue that a judge has power to issue any order to let Plaintiff communicate with other inmates in other prisons.  However, Rule 56(f) applies to motions for summary judgment and has no application to the issuance of SDTs.

1 Thus, Plaintiff is responsible for all copying expenses incurred related to the subpoena and,
2 before the Court issues it, he must first show that he is willing and able to pay for them.

3     Specifically, Plaintiff must file a declaration indicating he is willing to pay for the copying
4 charges and that he is able to do so.  Thus, Plaintiff must also submit a copy of his prison trust
5 account demonstrating his current balance.  Once this occurs, the Court will issue the subpoena
6 duces tecum and allow Robles to object to the subpoena and/or to provide the Court the number
7 of pages that will be produced in response to the subpoena.  After the Court receives this
8 information, it will calculate the copying fees and order the CDCR to withdraw this amount from
9 Plaintiff's trust account before copying begins.

10     Accordingly, it is HEREBY ORDERED that **within 60 days** of the date of service of this
11 order, Plaintiff must submit the following:

12     (1)  if Plaintiff still desires a subpoena to issue, he must submit a declaration showing he
13 is willing to pay for the copying charges and that he is able to do so.  In addition, Plaintiff must
14 submit a copy of his prison trust account demonstrating his current balance copy of his current
15 prison trust account balance.  Should Plaintiff fail to comply with this order, the Court will deem
16 the requests to issue the subpoenas withdrawn;

17     Further, the Clerk of the Court is ordered to forward a copy of this Order:

18     (1) to inmate Robles (CDCR #G28561) so that he is aware of Plaintiff's request and to
19 allow him to file objections, if any.  Mr. Robles is permitted to file any objections to the issuance
20 of the subpoena **within 60 days** of the date of service of this order.

IT IS SO ORDERED.

   Dated: __**May 6, 2015**__                __/s/ **Jennifer L. Thurston**__
                                                        UNITED STATES MAGISTRATE JUDGE