# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | **Case No. 1:12-cv-01948-JLT (PC)**<br><br>**ORDER MODIFYING SCHEDULING ORDER EXTENDING DEADLINE FOR AMENDMENT OF PLEADINGS and GRANTING LEAVE FOR DEENDANTS TO FILE AMENDED ANSWERS**<br><br>**(Docs. 76, 77)**<br><br>**10-Day Deadline for Defendants**<br><br>Deadline to Amended Pleadings:  09/12/2015<br>Discovery Cut-Off Date:  11/13/2015<br>Dispositive Motion deadline:  12/31/2015 |

**I.  Background**

　　Plaintiff is proceeding on the Second Amended Complaint on claims of deliberate indifference to Plaintiff's safety under the Eighth Amendment against Defendants Warden C. Lawless, Sergeant Finegan, and Correctional Officers S. Corona and R. Borbon (Docs. 21, 22). The current Discovery and Scheduling Order issued on January 13, 2015 and set July 12, 2015 as the deadline for amending pleadings; September 13, 2015 as the discovery cut-off date; and November 23, 2015 as the deadline for filing dispositive motions.  (Doc. 60.)

　　On July 6, 2015, Plaintiff filed a motion requesting to extend the date to amend pleadings and the discovery cut-off dates by sixty days.  (Doc. 77.)  While the time for Defendants to file an opposition has not yet lapsed, they will not be prejudiced by premature consideration of Plaintiff's

1

motion as all extensions granted herein are extended on their behalf as well. Further, Plaintiff's motion for referral to the *pro se* settlement program, filed June 22, 2015 (Doc. 76), is also properly addressed in as much as Defendants must respond to advise whether they believe a settlement conference would be beneficial at this time.

**II.  Modification of Scheduling Order**

A party seeking leave of court to amend a pleading, with implications for the schedule of a case, must first satisfy Federal Rule of Civil Procedure[1] 16(b)'s "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir.1992). This good cause evaluation "is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id*. at 609. Rule 16(b)'s good cause standard is not nearly as liberal as that for Rule 15 and focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011). If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff has exercised due diligence. Before discovery had been opened in this case, Plaintiff filed a motion for early discovery and to compel Defendants to respond to discovery (*see* Docs. 41, 42) Plaintiff has also requested issuance of a subpoena duces tecum (*see* Docs. 62, 63, 68, 69, 70), filed a motion to compel that, subsequent to grant of Defendants' extension of time to oppose, was recently submitted (*see* Docs. 65, 67, 71, 75), has propounded requests for admissions upon which Defendants requested and received an extension of time to respond (*see* Docs. 72, 74), and is attempting to conduct written depositions under Rule 31 (Doc. 77, p.2). These efforts by Plaintiff satisfy Rule 16(b)'s good cause standard.

If good cause is found to modify a scheduling order under Rule 16, the party next must satisfy Rule 15(a). *Cf. Johnson*, 975 F.2d at 608 (citing approvingly *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987) ). Rule 15(a)(2) states "[t]he court should freely give leave [to

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

amend its pleading] when justice so requires," and the Ninth Circuit has repeatedly stressed that the standard for granting leave to amend is generous. *U.S. v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011); *see also Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001)(quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990)). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)).

Five factors must be considered when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962). "Not all of the factors merit equal weight." *Eminence Capital,* 316 F.3d at 1052. The consideration of prejudice to the opposing party carries the greatest weight. *Id.,* citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir.1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Id.,* quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir.2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice"). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.,* citing *Lowrey v. Tex. A & M Univ. Sys*., 117 F.3d 242, 245 (5th Cir.1997).

Most importantly, "[w]here . . . the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) citing *Globe Indemnity Co. v. Capital Ins. & Surety Co.*, 352 F.2d 236, 239 (9th Cir. 1965); *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1202 (3d Cir. 1978); *Sherman v. United States*, 462 F.2d 577, 579 (5th

Cir. 1972). Denying the extension of time sought by Plaintiff to amend his pleading and conduct discovery would most certainly result in injustice, particularly in light of discovery responses Plaintiff received that indicate Defendant C. Lawless "is an incorrect Defendant" and that identify the Housing Supervisor who should properly be named as a Defendant in this action. Thus, Plaintiff is likely to be substantially injured and injustice is likely to result if the extensions Plaintiff seeks are not granted. Likewise, no trial date has been set in this action, discovery is still open and though this case is aging, a mere two month extension of the deadlines for amending pleadings, discovery, and filing of dispositive motions is inconsequential given the gravity of the basis for the extensions. The Court finds no basis to show that it will be inconvenienced, or that any party will be prejudiced by allowing the extensions Plaintiff seeks. *First Nat. Bank of Circle*, 652 F.2d at 887. Finally, allowing the extensions as Plaintiff desires will "facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd*, 833 F.2d at 186. Rule 15(a)(2) is thus satisfied. An extension of the dispositive motion filing deadline from November 23, 2015 to December 31, 2015 is appropriate as it would be wholly impractical for dispositive motions to be due ten days after the discovery deadline.

**III. Order**

Accordingly, it is HEREBY ORDERED that:

(1) Plaintiff's motion to extend dates to modify the scheduling order, filed on July 6, 2015 (Doc. 77), is GRANTED and the Discovery and Scheduling Order is MODIFIED as follows:

    a.    the deadline to file amended pleadings is September 12, 2015;[2]

    b.    the deadline for completion of all discovery, including filing motions to compel is November 13, 2015;

    c.    the deadline for filing pre-trial dispositive motions is December 31, 2015;

---

[2] As a reminder, this date does not allow any party to file an amended pleading without leave of the Court. Rather, any motion to amend the pleadings must comply with all applicable Federal Rules of Civil Procedure (i.e. Rule 15) and Local Rules (i.e. Local Rule 220).

(2) other than the above modification of deadlines, all requirements of the January 5, 2015 Discovery and Scheduling Order (Doc. 60) remain in effect; and

(3) **within 10 days** of the date of service of this order, Defendants must file a statement indicating whether they feel a settlement conference as requested by Plaintiff in his motion, filed on June 22, 2015 (Doc. 76), would be beneficial.[3]

IT IS SO ORDERED.

Dated:   **July 9, 2015**                              **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[3] This deadline does not apply to Plaintiff as his belief that a settlement conference is desirable and would be beneficial is inferred by his filing of the motion for referral for settlement conference. (*See* Doc. 76.)