1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

JAMES PABLO PATTERSON,

**Case No.  1:12-cv-01948-LJO-JLT (PC)**

12

Plaintiff,

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
TO COMPEL PRODUCTION/INSPECTION**

13

v.

14

WARDEN AND HOUSING SUPERVISOR,
et al.,

**(Doc. 65)**

15
16

Defendants.

17
18

On March 23, 2015, Plaintiff filed a motion to compel further responses to requests for

19

production of documents he propounded on Defendants.  (Doc. 65.)  Defendants filed an

20

opposition to which Plaintiff replied.  (Docs. 71, 75.)[1]

21

**I.      The Second Amended Complaint**

22

Plaintiff alleges that in July of 2009 he was housed on single-cell status in the D Facility

23

of Kern Valley State Prison, due to a lack of compatible cell-mates because of his membership in

24

the "Northern" gang.  (Doc. 19, 2nd AC, p. 7.)  Plaintiff alleges that, prior to July 16, 2009, all of

25

the named Defendants knew that there had been a "30 to 40 year old 'war' and conflict between

26

'Northern' and 'Southern' Mexican gangs."  (*Id.*)  Because of this, the named Defendants "knew or

27

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the
CM/ECF electronic court docketing system.

28

1

1   should have known that if [a Northern and a Southern gang member were] housed together or

2   staged in a cell or dorm together, violence would immediately break-out and a 'mele' [sic] would

3   ensue."  (*Id.*)

4         On July 16, 2009, Plaintiff alleges that the named Defendants "illegally and unlawfully

5   deliberately misclassified a 'Southern' Sereno gang member to be housed with the Plaintiff a

6   'Northern' so that they could stage a gladiator areana [sic] type fight between Plaintiff and a

7   known 'enemy.'"  (*Id.*, emphasis in the original.)  Plaintiff alleges that Warden Lawless gave

8   orders to Sgt. Finegan, who directed Officers Corona and Borbon to place the violent Southern

9   inmate in the cell with Plaintiff.  (*Id.*)  Plaintiff alleges that when the Southern gang member

10  entered the cell, he immediately attacked Plaintiff, causing Plaintiff to sustain emotional distress

11  and physical injuries to his face, back, and left hand.  (*Id.*, at p. 8.)

12  **III.  Production of Documents**

13        Federal Rule of Civil Procedure 34 allows a party to serve on any other party a request to

14  produce "any designated documents . . . which are in the possession, custody or control of the

15  party upon whom the request is served." Fed. R. Civ. P. 34(a).  Documents are in the

16  "possession, custody, or control" of the served party if "the party has actual possession, custody,

17  or control, or has the legal right to obtain the documents on demand."  *In re Bankers Trust Co*., 61

18  F.3d 465, 469 (6th Cir.1995).  Accordingly, a party may be required to produce documents turned

19  over to an agent, such as its attorney or insurer.  *E.g., Henderson v. Zurn Indus*., 131 F.R.D. 560,

20  567 (S.D. Ind.1990).  Further, the responding party has a duty to supplement any responses if the

21  information sought is later obtained, or the response provided needs correction. Fed. R. Civ. P.

22  26(e).

23        If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden in his

24  motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must

25  inform the Court which discovery requests are the subject of his motion to compel and, for each

26  disputed response, inform the Court why the information sought is relevant and why Defendants'

27  objections are not justified.

28  ///

A. **Plaintiff's Disputed Requests for Production ("RFP")**

**RFP No. 1:**
Any/all documents showing who was on duty involving and arranging cell assignments of plaintiff and Robles together on July 16, 2009. Include approved rank sign offs involves…

**Defendants' Response:**
Defendants cannot provide the requested documents because the assignment records for July 2009 are no longer maintained by the prison.

**Ruling:** Defendants cannot be ordered to produce documents which are no longer maintained by the Defendants or their employer. Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co*., 61 F.3d 465, 469 (6th Cir.1995). Defendants assert that they conducted a reasonable inquiry of documents in their custody and control and found that the documents response to this request for July 16, 2009 are no longer maintained by Kern Valley State Prison to be within their control. (Doc. 71, p. 2.) Defendants are not required to generate a detailed list of everyone they contacted and the results of such contacts in their efforts to obtain the desired documents as Plaintiff argues. Defendants cannot be ordered to produce that not within their control. Thus, Plaintiff's motion to compel further response/production to RFP No. 1 is **DENIED**.

**RFP No. 2:**
The name of Warden who was employed time of incident July 16, 2009 including his employment time schedule card for that day... including any comments regard incident.

**Defendants' Response:**
Defendants object to this request to the extent that it asks for the name of the Warden on the ground that it is not seeking any documents and is, therefore, not a proper request for production. Defendants have not been able to locate any documents responsive to the request for the Warden's time schedule card for July 16, 2009.

**Ruling:** Plaintiff's motion to compel further response/production to RFP No. 2 is **DISREGARDED** since withdrawn by Plaintiff. (Doc. 75, 1:25-27.)

**RFP No. 3:**
All documents pertain to wardens responsibilities toward supervising and training his facility subordinates.

3

**Defendants' Response:**
Defendants object to this request on the ground that it is not likely to lead to discoverable information because there is no supervisory liability in a deliberate indifference case. Defendants further object to the request on the ground that it is overbroad as to scope and time because it would include all documents pertaining to all wardens training and supervising employees at all the prisons in all areas of their job duties for all time.

**Ruling:** Plaintiff's argument that he is entitled to the documents he seeks as "supervisory liability is carried out of [sic] individual [sic] gave direct orders, is involved and failed to correct or stop matter." (Doc. 65, 3:10-18.)  However, Plaintiff is proceeding only on claims against the Defendants based on their personal participation in acts that allegedly failed to protect him from a known risk of serious harm per *Farmer v. Brennan*, 511 U.S. 825, 832-837 (1994).  (Doc. 21.) Plaintiff is specifically not proceeding on any supervisory liability claims.  (Doc. 21, at 5:26-7:2.) Plaintiff is not proceeding on claims regarding sufficiency of the training of prison personnel. (*See* Doc. 21.)  Thus, Defendants' objection of relevance is **SUSTAINED**.  Further, RFP No. 3 is not specific as to time.  It is overbroad and would be unduly burdensome to provide documents responsive to RFP No. 3 and arguably could require Defendants to produce every document regarding Wardens' supervisory and training responsibilities in the entire history of the CDCR. Thus, Defendants' objection that it is overbroad as to scope and time is also sustained.  Plaintiff's motion to compel further response/production to RFP No. 3 is **DENIED**.

**RFP No. 4:**
Any/all documents manuals, guidelines, protocols, and procedures that staff are to follow regard screening and housing of inmates, including escorting handling and securing of lock downed inmates.

**Defendants' Response:**
Defendants object to this request on the ground that it is overly broad as to time and location as it could possibly refer to documents from any California prison. Defendants also object to the request as not likely to lead to any discoverable information with respect to the request for documents concerning "escorting handling and securing of lock downed inmates" because there is no allegation that Plaintiff or the other involved inmate were locked down. Defendants nevertheless refer Plaintiff to the California Code of Regulations, title 15, section 3375 et seq. regarding the classification of inmates and chapter six of the Department Operations Manual, both of which can be found in the prison law library.

**Ruling:**  Plaintiff moved to compel a further response because his time in the law library is limited and he intends to amend his allegations regarding the lockdown situation.  (Doc. 65, 4:5-

4

1   9.)  Defendant responds that the request is vague as to time and so "unnecessarily burdensome

2   and overly broad" with minimal chance of revealing relevant evidence.  (Doc. 71, 5:14-17

3   quoting *Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir.

4   1992).)  However, Defendants apparently attached copies of the documents referenced in their

5   response to RFP No. 4 when they served their opposition to this motion on Plaintiff.  (Doc. 71, at

6   5:18-20.)  Plaintiff replied that it is not correct to say he does not raise allegations concerning a

7   prison lockdown and that he raised a claim of endangerment in the 2ndAC at page 3, Section IV

8   Statement of Claim.  (Doc. 75, 2:9-17.)  It is true that Plaintiff does mention a lockdown in the

9   2ndAC, but his allegations specifically state that "[l]ong before Plaintiff's arrival to Kern Valley

10  State Prison (K.V.S.P.) within year April/2009 K.V.S.P. had been on a lockdown due to a deadly

11  riot between Northern and Southern Mexican gang faction [sic]."  (Doc. 19, at p. 3.)  It would

12  appear that an extended lockdown because of a war between these two gang factions would

13  provide evidence that all prison staff were aware that members from these opposing gang factions

14  should not be celled together to support the claims that Plaintiff is proceeding on in this action.

15  However, this does not necessarily make the documents Plaintiff seeks regarding the handling

16  and securing of inmates who are on lockdown likely to lead to the discovery of admissible

17  evidence in this action.  Nevertheless, Defendants indicate they served a copy of the responsive

18  documents on Plaintiff -- which moots this RFP.  Thus, Plaintiff's motion to compel further

19  response/production to RFP No. 4 is **DISREGARDED** as moot.

20      **RFP No. 5:**
        Reports of minutes of staff meetings, trainings, how often regard every
21  officers work positions. This involves request production no. 2 involvees (sic).
    Including documents how they are trained to familiarize themselves of gang
22  awareness, activity, and safety precaution in a locked down environment.

23      **Defendants' Response:**
        Defendants object to this request on the ground that it is overly broad as to
24  time and scope because it includes all responsive documents for all officers at the
    prison for an indeterminate period of time. Defendants also object on the grounds
25  that the request is incomprehensible.

26

27  **Ruling:**  Plaintiff's motion to compel further response/production to RFP No. 5 is

28  **DISREGARDED** since withdrawn by Plaintiff.  (Doc. 75, 2:18-20.)

5

**RFP No. 6:**
Any/all CDCR documents regard operation procedures, D.O.M. rules and regulations, policies that relate all the above questions.

**Defendants' Response:**
Defendants object on the grounds that the request is incomprehensible and overly broad.

**Ruling:**  Plaintiff's motion to compel further response/production to RFP No. 5 is

**DISREGARDED** since withdrawn by Plaintiff.  (Doc. 75, 2:21-23.)

**RFP No. 7:**
All melee reports after riot between northern and southern gang factions. Include locations, number of involves, times, dates and how it happened. Do not have to be actual inmate incident reports. Just investigation notes, locations, dates as mentioned.

**Defendants' Response:**
Defendants object to this request on the ground that it is overly broad as to time and scope because it includes all responsive documents for all riots between northern and southern gang factions at all California prisons for an indeterminate period of time.

**Ruling:**  In his motion, Plaintiff argues that it should have been known via common sense that he wants the records for all incidents "which caused KVSP to be put on lockdown within that 2 years after North and South riot and Plaintiff's incident July 16, 2009" to show "a pattern of incidents" . . . that Defendants "knew or had to know [sic] situation would cause Plaintiff injury."  (Doc. 65, at 5:20-27.)

Defendants oppose this motion by arguing that the prison does not classify any documents as "melee reports," that "reports of incidents that cause the prison to be placed on lockdown are not classified based on whether they involved inmates of different factions;" and in "order to obtain any potentially relevant documents, Defendants would first have to go through all program status reports for the time period in question, then cross-reference those documents with any investigations done by the prison's investigative services unit" which would not likely uncover "relevant documents because any document talking about a riot between Northern and Southern Hispanic inmates would be in in [sic] the involved inmate's prison central file" which are privileged and that "it would be unduly burdensome to go through the central files of all inmates housed at KVSP for the two year period in question."  (Doc. 71, 7:14-28.)

At the crux of this case is the allegedly known incompatibility of Northern Mexican gang

1   members and Southern Mexican gang members.  What prison officials and correctional officers

2   in general at KVSP knew about their incompatibility and when they knew it are relevant.  Fed. R.

3   Civ. P. 26(b).  To that end, Program Status Reports ("PSRs") and all notes pertaining thereto,

4   within two years before the date of incident in this action, that show any modification in program

5   status at KVSP because of activity/altercations between Mexican gangs are relevant and should

6   be produced to Plaintiff.  Further, all investigation notations regarding those PSRs, both prior to

7   the modification in program should be produced to Plaintiff.  PSRs and the notations of

8   investigations thereon are not part of any inmate's C-File; rather they are administrative records.

9   (*See e.g.*, *Avila v. Cate, et al.*,[2] 1:09-cv-00918-LJO-SKO, Doc. 58, pp. 1-13.)  Property is deemed

10  within a party's possession, custody, or control if the party has actual possession, custody, or

11  control thereof or the legal right to obtain the property on demand -- i.e. from a defendant's

12  employer.  *Allen v. Woodford*, 2007 WL 309945, *2 (E.D. Cal. 2007).

13          Finally, defense counsel's representation that "any documents talking about a riot between

14  Northern and Southern Hispanic inmates would be in [sic] the involved inmate's prison central

15  file" as well as the suggestion that PSRs do not show whether they involved inmates of different

16  factions/races are inconsistent with CDCR's processes and are not well taken.  PSRs have been

17  submitted in numerous cases in this District and it is noted that Part A and Part B specifically

18  show whether program is modified, lockdown, or state of emergency restriction is/was imposed,

19  the area affected, the race of inmates affected, and the reason for the program change which

20  includes a box to be checked for "Riot/Disturbance."  (*See e.g.*, *Avila,* 1:09-cv-00918-LJO-SKO,

21  at Doc. 58-2, pp. 6-50.)

22          Thus, Plaintiff's motion to compel further response/production to RFP No. 7 is

23  **GRANTED** to the extent that PSRs for two years before the incident and all notes pertaining

24  thereto that show any modification in program status at KVSP because of activity/altercations

25  between Mexican gangs as well as all investigation notations regarding those PSRs (subject to

26  redaction of identifying information for the safety/security of staff and/or inmates) are to be

27

28

---

[2] Judicial notice is allowed and may be taken of documents on file in federal or state courts.   Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

1    produced to Plaintiff.

2

3        **RFP No. 8:**
         Any/all staff investigation questioning statements, photographs of evidence
4        plaintiff was never provided regard incident July 16, 2009.

5        **Defendants' Response:**
         Plaintiff may view the pictures taken after the July 16, 2009 incident by making
6        an appointment with the litigation coordinator at Mule Creek State Prison to do
         so.  There are no other responsive documents.

7    **Ruling:**  Plaintiff argues that staff investigations will be disputed at trial and that he will need

8    copies of the photographs to argue the distance in relation to who may have overheard the

9    incident when it occurred.  Defendants respond that they have made the only responsive

10   documents available to Plaintiff via the litigation coordinator at the facility where he is currently

11   incarcerated.  Plaintiff replied that he needs actual photos to prepare his approach for trial of this

12   action.

13       Assuming photos were taken during the investigation, undoubtedly, Defendants will

14   produce color, photo-quality copies for use as exhibits at trial.  Thus, **either** Defendants will

15   provide copies of the photos for Plaintiff's use[3] **or** they must ensure that they are made available

16   to Plaintiff when he visits the law library.  The Litigation Coordinator is free to develop a system

17   allowing Plaintiff to request the photos within a reasonable time in advance of his law library

18   visit.  Thus, to this extent, Plaintiff's motion to compel further response/production to RFP No. 8

19   is **GRANTED**.

20       **RFP No. 9:**
         Any/all citizens complaints, 602 grievances, GA22 requests, letters, records from
21       inmate Robles #G28561 including any witness's (sic) who have knowledge and
         information regard the cell incident on July 16, 2009. Provided Robles signs a
22       written release agreement.

23       **Defendants' Response:**
         Defendants object to this request on the ground that it is an improper request for
24       production because it seeks documents from a non-party.

25   **Ruling:**  These documents are the subject of a motion for issuance of a subpoena duces tecum

26   which Plaintiff filed on February 17, 2015.  (Doc. 62, 63.)  Plaintiff's motion was ruled on and

27
     _____
     [3] The Court accepts that allowing photos of various prison locations to be kept by inmates could pose threat to the
28   security of the prison given the impossibility of ensuring they are not circulated to others.

indicated it would be granted if Plaintiff submitted a copy of the statement for his inmate trust account, within sixty days, showing that he would be able to pay for copies of the documents that IM Robles may have which are responsive to his request.  (Doc. 70.)  However, sixty days from that order lapsed without Plaintiff's compliance.  Plaintiff again seeks to obtain the information from IM Robles and admits in his reply that he is "unable to pay any copying fees" and that he needs Defendants to be ordered to provide them to him. However, RFPs are a proper means of discovery to obtain information from parties and cannot be used to make an opposing party contact an outside person to obtain documents that the propounding party desires.  IM Robles is not a party to this action and Defendants cannot be required to obtain information from a non-party simply because Plaintiff is unable to afford to do so on his own.  Thus, Plaintiff's motion to compel further response/production to RFP No. 9 is **DENIED**.

> **RFP No. 10:**
> Any/all CDCR notes, reports regard media broad casts, citizens protesting's regard northern/southern lock down, melees etc.
>
> **Defendants' Response:**
> Defendants object to this request on the ground that it is overly broad as to time and scope because it includes all responsive documents for all lockdowns and melees between northern and southern gang factions at all California prisons for an indeterminate period of time.

**Ruling:**  Plaintiff's motion to compel further response/production to RFP No. 10 is **DISREGARDED** since withdrawn by Plaintiff.  (Doc. 75, 4:5-6.)

**IV.  Order**

        Based on the foregoing, the Court **ORDERS**:

        1.      Plaintiff's motion to compel further response to RFPs No. 1, 3, and 7 is

                **DENIED**;

        2.      Plaintiff's motion to compel further response to RFPs No. 7 and 8 is

                **GRANTED**, subject to the limitations set forth in this order; and

///

///

///

///

3.      Plaintiff's motion to compel further response to RFPs No. 2, 4, 5, 6, and

10 is **DISREGARDED** since either withdrawn by Plaintiff or rendered

moot by Defense production.

IT IS SO ORDERED.

Dated:   **August 20, 2015**                          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

10