# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01948-DAD-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA AND TO COMPEL DEPOSITION BY WRITTEN QUESTIONS<br><br>(Doc. 84)<br><br>30 DAY DEADLINE |

In this action, Plaintiff claims Defendants acted with deliberate indifference to Plaintiff's safety under the Eighth. (Docs. 21, 22.) On September 2, 2015, Plaintiff filed a motion to for a subpoena to compel depositions by written questions of the warden and/or housing supervisor as well as five non-parties, based on their failure to respond to the questions he served by mail on July 17, 2013. (Doc. 84.)[1] For the reasons set forth below, the motion is **DENIED**.

**I.　Analysis**

There is no entitlement to take a deposition of a party or non-party. To do so, even by written question, a party must comply with the Federal Rules of Civil Procedure. Depositions by written questions entail more than mailing questions to the deponents and awaiting their written

---

[1] It is noted that Plaintiff refers to exhibits which he submitted in support of another motion (Doc. 83) in support of the current motion. Plaintiff is admonished not to engage in this practice in the future. Each motion that Plaintiff files must comply with Local Rule 230(b) which requires briefs, affidavits, and copies of all documentary evidence be filed with the motion.

1   responses; rather, an officer must be retained to take responses and prepare the record.  Fed. R.
2   Civ. P. 31(b).  Plaintiff is proceeding *in forma pauperis*.  His motion to compel suggests neither an
3   ability or a willingness to pay an officer to take the responses for the record.

4         Plaintiff's request that "subpoenas be served for written deposition" where the Court
5   "deems proper and at no expense" does not comply with the Federal Rules of Civil Procedure.  As
6   correctly stated by Defendants, Rule 31(a)(3) requires that notice of deposition by written question
7   must "state the name or descriptive title and the address of the officer before whom the deposition
8   will be taken."  The Court may not designate a location for Plaintiff's written depositions to be
9   conducted.

10        Further, it appears that Plaintiff labors under the misunderstanding that a deposition by
11  written question is the same as propounding interrogatories; it is not that simple.  Rather, the
12  purpose of conducting the deposition by written question in front of an officer is because any such
13  deposition officer is required to take the deponent's testimony in response, verbatim, to each
14  question as well as to prepare and certify the deposition transcript.  Fed. R. Civ. P. 31(b).  For all
15  practical purposes, a deposition by written questions differs from an in person deposition only in
16  as much as Plaintiff would not be present to ask the questions orally.

17        In addition, Plaintiff must pay the deposition officer for his or her services.  If Plaintiff is
18  able and willing to compensate an officer to take responses and prepare the record, he may notify
19  the Court within thirty days, accompanied by an offer of proof regarding the financial ability to do
20  so.[2]  The Court will construe Plaintiff's failure to notify the Court within this time period as an
21  abandonment of the request.
22  ///
23  ///
24  ///
25  ///
26  ///

---

[2] Any such offer of proof must, at a minimum, show both an estimate from a qualifying officer to conduct the deposition as to his or her fees per written deposition and both Plaintiff's willingness and ability to compensate for all such services.

1    Accordingly, based on the foregoing, Plaintiff's motion for an order compelling
2 depositions by written questions of the unidentified housing supervisory and various non-parties,
3 filed September 2, 2015 (Doc. 84), is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **December 8, 2015**               /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

3