# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN AND HOUSING SUPERVISOR, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-01948-DAD-JLT (PC)<br><br>**ORDER GRANTING PLAINTIF'S MOTION TO AMEND and DIRECTING THE CLERK OF THE COURT TO FILE THE LODGED THIRD AMENDED COMPLAINT**<br><br>**(Doc. 91)** |

　　　　Plaintiff, James Pablo Patterson, is currently proceeding on his second amended complaint.  Nevertheless, Plaintiff has filed a motion to amend this complaint and has lodged the proposed third amended complaint. (Docs. 91, 92.)  Defendants do not oppose the motion subject to screening under 28 U.S.C. § 1915A.  (Doc. 93.)

　　　　Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).   The Court must view Plaintiff's motion to amend in light of the requirements of Rule 15.

　　　　Under Rule 15(a), there are five factors to be considered in deciding whether to grant leave to amend a complaint:  (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*,

743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; courts hold that prejudice to the opposing party is the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Plaintiff has previously amended and has been proceeding on the second amended complaint. (Doc. 19.) While undue delay would typically be of great concern when seeking to amend an action three years, the docket reflects various motions delayed the opening of discovery (*see* Docs. 32, 43) and Plaintiff's efforts[1] to ascertain the names of additional prison employees who he asserts were responsible for the claims alleged. (*See e.g.* Docs. 41, 42, 62, 63, 65, 68, 69, 70, 72, 74, 76-78, 81-84, 87, 90.)

Defendants' statement of non-opposition implies that allowing Plaintiff to amend his pleading will not result in prejudice and that Plaintiff's effort to amend is not taken in bad faith. Further, the Court has determined the third amended complaint states cognizable claims and is, therefore, not futile. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to amend, filed on December 17, 2015 (Doc. 91), is GRANTED;
2. The Clerk's Office is DIRECTED to file the Third Amended Complaint (Doc. 92).

IT IS SO ORDERED.

Dated: **February 25, 2016**             **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff attempted to conduct discovery on this point before and after Defendants' filed their dispositive motions and that discovery on all issues other than exhaustion was stayed until Defendants' motion for summary judgment was ruled on. (*See* Doc. 54.)