UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN, et al.,<br><br>  Defendants. | No. 1:12-cv-01948-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. Nos. 96, 97) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

Plaintiff initially filed his complaint in the matter on November 30, 2012. (Doc. No. 1.) The complaint was screened and dismissed with leave to amend. (Doc. No. 11.) Plaintiff then filed a first amended complaint which was also dismissed by the court with leave to amend. (Doc. Nos. 14 & 15.) Thereafter, plaintiff filed a second amended complaint (Doc. No. 19) which was found by the court to state a cognizable Eighth Amendment claim. (Doc. No. 21.) Following some discovery, plaintiff moved to amend his complaint yet again on December 17, 2015 (Doc. No. 91), and lodged a third amended complaint with that motion. (Doc. No. 92.) Defendants

1

1 filed a statement of non-opposition to plaintiff's amending of the complaint, subject to the court's
2 screening pursuant to 28 U.S.C. § 1915A. (Doc. No. 93.) The magistrate judge assigned to this
3 case then screened plaintiff's third amended complaint and found that it stated Eighth
4 Amendment claims against defendants Corona and Borbon. (Doc. No. 96.) The magistrate judge
5 recommended permitting these claims to proceed and dismissal of plaintiff's third amended
6 complaint as to all other defendants named and claims set forth therein. (Doc. No. 96.)
7 Additionally, the assigned magistrate judge recommended that, since this case was filed more
8 than three years ago and plaintiff has been afforded discovery and multiple opportunities to
9 amend his complaint, that the court order that any further amendment would be disallowed as
10 futile. (Doc. No. 96.)

11 Plaintiff filed a lengthy request for judicial notice on March 2, 2016, asking that this court
12 take judicial notice of a number of court decisions and documents he believes are relevant to his
13 claims. (Doc. No. 97.) Plaintiff also filed objections to the findings and recommendations to the
14 findings and recommendations on March 21, 2016. (Doc. No. 98.) Defendants filed no
15 objections and the time to do so has passed.

16 In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
17 *de novo* review of this case. Having carefully reviewed the entire file, including the objections
18 filed by plaintiff, the court finds the findings and recommendations to be supported by the record
19 and by proper analysis, and they are accordingly adopted in full.

20 Additionally, plaintiff's request for judicial notice will be denied. A court may take
21 judicial notice of a fact not subject to reasonable dispute because of its ability to be accurately and
22 readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid.
23 201. Published decisions of other courts are not the proper subject of judicial notice, since those
24 decisions may already be considered by this court in conducting its legal analysis.

25 Moreover, at the screening stage the court's only job is to assess whether the third
26 amended complaint states cognizable claims. 28 U.S.C. § 1915A. At screening, the court must
27 take all facts pleaded in the complaint as true, construe those facts in the light most favorable to
28 the plaintiff, and construe the pleadings of the pro se plaintiff liberally. *Hamilton v. Brown*, 630

F.3d 889, 892–93 (9th Cir. 2011).  Further, an amended complaint replaces an original complaint, waiving any cause of action alleged in the original complaint but voluntarily not alleged in the amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 925–28 (9th Cir. 2012).  At the screening phase, there is no need for the court to consider facts submitted outside the complaint, since the court's only function at that stage is to assess whether the complaint itself contains enough facts to state a claim.  Therefore, plaintiff's request for judicial notice is unnecessary and will be denied.

The court understands from plaintiff's objections that plaintiff may be encountering some ongoing mental health issue making it difficult for him to understand legal documents.  The undersigned is sympathetic to plaintiff's situation.  The difficulty posed to anyone who is not a lawyer in navigating the legal system is part of the reason why pro se pleadings are to be construed liberally.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007).  Here, the court has construed the pleadings liberally in this case, however, and concurs with the magistrate judge's findings and recommendations.

For the reasons set forth above:

1. The findings and recommendations (Doc. No. 96) are adopted in full:

    a. The Eighth Amendment deliberate indifference claims against defendants Corona and Borbon included in the third amended complaint may proceed; and

    b. The remainder of the claims and the defendants included in the third amended complaint are dismissed without further leave to amend, given the multiple opportunities plaintiff has been granted for amendment and to conduct discovery.

2. Plaintiff's request for judicial notice (Doc. No. 97) is denied; and

3. The matter is referred back to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **March 30, 2016**                    _____
                                                                            UNITED STATES DISTRICT JUDGE