# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PABLO PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>    Defendants. | Case No.  1:12-cv-01948-DAD-JLT (PC)<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO STAY THIS ACTION**<br><br>**(Doc. 112)**<br><br>**20-DAY DEADLINE** |

## I.    BACKGROUND

Plaintiff claims that the defendants knowingly placed an enemy gang member in his cell and thereafter failed to intervene when a violent altercation occurred. Defendants filed a motion for summary judgment and the Court issued findings and recommendations ("F&R") issued to grant the motion because there was no evidence Defendants were aware of the risk of harm to Plaintiff. (Docs. 103, 109.) Objections to the findings and recommendations were due by September 29, 2016. (Doc. 109.) Plaintiff requested and received a 30-day extension of time, which made his objections due by November 11, 2016. (Docs. 110, 111.) Plaintiff has now filed a motion to stay the deadline for filing objections to the findings and recommendation.[1] (Doc. 112.)

---

[1] Though the time for Defendants to file an opposition has not lapsed, Local Rule 230(l), they are not prejudiced since Plaintiff's motion is being denied.

In his motion, Plaintiff indicates that prior to the Court issuing findings and recommendations, he had "lately correspondence with an attorney interested to review and take (sic) case." (Doc. 112, p. 1.) Plaintiff asserts that Inmate Robles and others may have evidence relevant to his claims and that he was unable to afford the costs of obtaining the evidence from those inmates. (*Id.*, p. 2.) Plaintiff requests a stay on the deadline to file objections to the F&R "pending attorneys review and access of evidentiary based on 'state of mind' disputes. May take 4 months, depending to court allowing other motions (sic) subpoenas allowing access to court records again." Plaintiff further indicates that he has an "attorney paralegal" working on his case who will need an extension of time to file objections on Plaintiff's behalf. (*Id.*)

## II.     LEGAL STANDARD

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005).

Plaintiff seeks to stay this action so that he might secure legal counsel, who may thereafter be able to obtain evidence via other inmates who were involved in and/or witnessed the incident at issue in this action. However, Plaintiff's motion for subpoenas to obtain such

information/evidence was granted about six months ago. (Doc. 70.) That order directed Plaintiff to submit a declaration showing his ability and willingness to pay for the charges for copying the documents he desired and a copy of the order was forwarded to Inmate Robles (CDCR #G28561) who was permitted to file objections. (*Id.*) Plaintiff failed to make the requisite showing at that time. Now, despite indicating that at least part of his desire behind the present motion is to obtain those documents, Plaintiff makes no statement upon which to find that he is willing and able to pay the accompanying costs. Plaintiff indicates that he corresponded with an attorney interested in reviewing and taking his case before the Second Informational Order issued on June 20, 2016. However, Plaintiff provides no information as to why any such attorney review has not been completed in the four months that have since lapsed.

Plaintiff also indicates that he has an "attorney paralegal" assisting him and that person needs an extension of time to file objections on Plaintiff's behalf. However, Plaintiff neither identifies this person, nor gives any basis to find good cause to grant the desired stay, or an extension of time for their services on his behalf.

Plaintiff indicates that he has been corresponding with various legal professionals regarding representation since Defendants filed their motion for summary judgment. (*See* Docs. 105, 110, 112.) However, no such person has materialized to undertake Plaintiff's representation. This action has been pending for nearly four years and involves an incident that occurred over seven years ago. Further delay is likely to prejudice Defendants since recollections fade with the passage of time. A stay of this action for Plaintiff to obtain assistance from an attorney is not justified merely on the assertion that counsel may undertake Plaintiff's representation. Though the effect of denying Plaintiff's motion is likely disposition of this action, the Court has provided him with repeated extensions of time and guidance regarding the requirements of opposing Defendants' motion for summary judgment. No judicial resources will be saved as the stay Plaintiff seeks will not simplify the case or avoid duplicative litigation. *CMAX, Inc.*, 300 F.2d at 268.

Nevertheless the Court will grant Plaintiff **one, final** extension of time to file objections to

the F&R.

**III. ORDER**

Accordingly, the Court **ORDERS** that Plaintiff's motion to stay the action is **DENIED**, but Plaintiff is granted **20 days** from the date of service of this order to file objections to the findings and recommendation to grant Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated:   **November 8, 2016**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE